UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPACECOM INTERNATIONAL, LLC,<br><br>                              Petitioner,<br><br>              v.<br><br>ASIA BROADCAST SATELLITE, LTD.,<br><br>                              Respondent. | Index No. 1:14-cv-08865-JPO<br><br>**PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION IN AID OF INTERNATIONAL ARBITRATION** |

Petitioner SpaceCom International, LLC ("SpaceCom"), as and for its Petition herein, alleges as follows:

### PRELIMINARY STATEMENT

1.      SpaceCom seeks injunctive relief in aid of an international arbitration proceeding (the "Arbitration") between SpaceCom and Respondent Asia Broadcasting Satellite, Ltd. ("ABS") (collectively, the "Parties"), which will be filed on or before November 10, 2014.

2.      Pursuant to an agreement between the parties (the "Agreement"), ABS leases to SpaceCom certain transponders on a satellite owned and operated by ABS. *See* Declaration of Matthew DeNapoli, dated November 6, 2014 ("DeNapoli Decl.") Ex. 1.  These transponders enable SpaceCom to provide service in Southwest Asia, particularly Afghanistan and Pakistan, to mobile phone network operators, U.S. and foreign government agencies, large business entities and various non-governmental organizations.

3.      Because ABS's satellite is quite old, it has technical problems that have caused it to fail to meet the minimum service standards set forth in the Agreement. Although ABS has conceded these deficiencies for more than a year now, it has neither remedied them nor offered a reduction in price to reflect its satellite's diminished capacity.

4.     Accordingly, in January 2014, SpaceCom began withholding a portion of the monthly fees due under the Agreement commensurate with the unusable proportion of the leased satellite capacity.

5.     On October 30, 2014, SpaceCom and ABS each served notices of breach: SpaceCom on the grounds that the service failed to meet the Agreement's service specifications; ABS on the grounds that SpaceCom was withholding full payment. Moreover, ABS stated that if SpaceCom failed to pay $750,000 by November 9, 2014, it would terminate satellite service to SpaceCom.

6.     On November 3, 2014, SpaceCom informed ABS that it intended to commence this proceeding and an arbitration against ABS in New York pursuant to the Agreement.

7.     On November 4, 2014, ABS instructed its employees to cease providing assistance and troubleshooting to address service issues.

8.     If ABS follows through with its threat to terminate satellite service to SpaceCom, this would result in the termination of service to millions of cell phone customers in Pakistan and Afghanistan, as well as to U.S. and foreign government agencies and NGOs. In addition, SpaceCom would suffer severe and irreparable injury to its operating business.

## THE PARTIES

9.     SpaceCom is a privately held satellite services and telecommunications consulting company incorporated and existing under the laws of the Commonwealth of Virginia, with a principal place of business located at 4000 Legato Road, Suite 140, Fairfax, Virginia 22033.

10.    ABS is a Bermuda Corporation with its principal place of business at Mintflower Place, 4th Floor 8 Par La Ville Road, Hamilton, Bermuda.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 201, et seq., because the injunctive relief sought is in aid of an international arbitral proceeding to be filed imminently under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. In addition, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 by reason of diversity of jurisdiction.

12. This Court has personal jurisdiction over Respondent because Respondent (i) has agreed to arbitration in this District and (ii) has agreed to be subject to the jurisdiction of this Court for actions seeking injunctive relief. *See* DeNapoli Decl. Ex. 1, Section X(A).

13. Venue is proper in this District because Respondent (i) has agreed to arbitration in this District and (ii) has agreed to be subject to the jurisdiction of this Court for actions seeking injunctive relief. *Id.*

**FACTUAL BACKGROUND**

14. The Court is respectfully referred to the facts set forth in detail in the accompanying Declarations of Matthew DeNapoli and Josiah Harrison, each dated November 6, 2014, which are incorporated herein by reference and made a part of this Petition.

**REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF**

15. An international arbitration will be commenced imminently between SpaceCom and ABS.

16. Absent injunctive relief, SpaceCom will suffer irreparable injury and the award that SpaceCom seeks in the Arbitration will be rendered ineffectual.

17. SpaceCom is likely to succeed on its arbitration claims or has shown sufficiently serious questions going to the merits of its claims to justify entry of a TRO and preliminary injunction.

18. The balance of hardships tips decidedly in favor of SpaceCom, as it would be destroyed commercially if its service were discontinued, while ABS seeks only money damages.

19. The public interest overwhelmingly favors the granting of injunctive relief to preserve the status quo. The ABS 7 capacity is used by many different operators of public and private networks, and the public interest in each of those countries is in the continued operation of the networks. A service interruption will cause immediate and potentially catastrophic harm to many innocent SpaceCom customers, to those customers' business and government customers, and to millions of individuals in Pakistan and Afghanistan. Termination of the service will place U.S. and foreign military subscribers, co-operating local nationals, and the Afghan public at large at risk, many in remote locations without any other form of communications.

20. Accordingly, SpaceCom is entitled to entry of a TRO and a preliminary injunction to maintain the status quo by prohibiting ABS from terminating its satellite service to SpaceCom.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 9 U.S.C. § 201, et seq., and N.Y.C.P.L.R § 7502(C), this Court:

(i) Enter a temporary restraining order and preliminary injunction in aid of the arbitration, enjoining ABS from terminating or diminishing the quality of the satellite services it provides to SpaceCom during the pendency of the Arbitration; and

  (ii)  Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
    November 6, 2014

                    LAW OFFICES OF ERIC J. GRANNIS

                    By: _____
                     Eric J. Grannis (EG8403)
                    18 East 48th Street, 19th Floor
                    New York, New York 10017
                    (212) 903-1025

Of Counsel

LAW OFFICE OF
MARK C. DEL BIANCO
Mark C. Del Bianco
3929 Washington St.
Kensington, MD
D.C. Bar No. 3424246